I note here that we have more than two lawyers here are just two lawyers going to be arguing yes your honor I'll be just I'll be the one arguing for the appellant here your honor all right all right then you may proceed thank you your honor good morning your honors and may it please the court Andrew Kim pro bono counsel for the appellant Darris Hurth and with me is my colleague Amanda Russo with the court's permission I would like to reserve three minutes for rebuttal thank you thank you your honors there are two issues before the court today the first is whether the district court erred in granting summary judgment to deputy carpenter on the claim of the lawful arrest clearly established law prohibited deputy carpenter from arresting mr. Hurth for loitering let me just clarify you're just appealing this summary judgment rulings there was a trial and you're not appealing the trial that is correct your honor okay we are not appealing either of the verdicts that resulted from this case wasn't there a jury verdict in favor of the defendant on the unlawful arrest charge with respect to the county yes judge Baya however that verdict does not have any sort of preclusive effect here for three reasons I think there have been several reasons articulated by the parties as to how to treat the jury verdict if you look at this as the appellees recently announced that this should be treated under the law of the case doctrine the law of the case doctrine does not prohibit the appellate court from reviewing a trial court's legal errors and for that I refer the court to our response to the county's 28 J letter in which we cite the SK system's decision from the 7th circuit two trials happened right sort of back-to-back yes sure and the defendants prevailed in both of those that is correct and one of them was for excessive force in the pat-down or something yes just with respect to the pat-down and excessive force with an intrusion a digital and the other one was for the jury found probable cause to arrest it was that your allegation was there was no probable cause to arrest the jury entered a verdict for the county on the unlawful arrest claim and the court designated as a probable cause claim but on the other hand the court also treated the verdict as one that completed the whole case so the jury didn't hear anything with respect to Monality was just limited to the question of probable cause well but the to be if you were alleging an unlawful arrest if the jury entered a verdict for the defendants they would have had to have found probable cause for the arrest or it would have been an unlawful arrest right yes just Callahan the jury understand exactly what those two were educate me why do you say that the jury arrest does not have preclusive effect as to your appeal from the motion for summary judgment as to unlawful arrest two reasons just bail one the verdict was only for the county and not asked to deputy carpenter on the claim of unlawful arrest because deputy carpenter had been granted summary judgment by virtue of the qualified immunity decision on review here anyone else who was arresting other than deputy carpenter there was a second deputy who was a litigant in the case but she had been dropped from the case so if the county was liable because of the actions of its agent deputy carpenter fulfilling a practice or policy of the county right and if the county is not liable under the jury verdict how can judge how can officer carpenter be liable the reason is that the count the jury instructions given to the county suffer from the same infection the same error of law that we're trying to present appealing the jury instructions from the county case from the jury case are you well but now we're not obligated to to obtain review of the summary judgment judge Baya under the case of a city of st. Louis versus per pot Nick which the Supreme Court decided in the 1980s the court held there that a court of the appellate court are you saying that the verdict for the county was based on no Manel liability which doesn't excuse the actions of the individual officer no to clarify judge Baya the jury never heard anything with respect to Manel it was limited to probable cause however the jury's instruction that the district court gave to the jury suffered from the same error of legal reasoning that we are trying to seek review of here and when the error is one of law where the error here pertains to the elements of loitering district court forgot in fact explicitly refused to consider temporality as an element of loitering which we submit is clearly established if the error is one of law then under this court's decision and when Willis which we cite again in that response to the county's or rather the Apple East 28 J letter under several other precedents we're not obligated to preserve the error by objecting to the jury instruction and seeking review of it and we're also the the error is maintained despite the jury's verdict the ability to review the error is maintain kind of an odd situation because the summary judgment that gave qualified immunity to the officer really didn't do the officer any good because the officer still had to go to trial on something else right yes and then so you still got to go to trial and you lost and so then you're going back but you're not appealing where you lost at trial but then you're appealing it at summary judgment and contained within the verdicts that you've lost is clearly a finding a probable cause but it was a finding of probable cause based on bad law judge Callahan and that's the problem here we did for purposes of summary judgment and that was all that was required here since the district court didn't you admit that the statute neither the statute nor the case law really provides any guidance in this area as to what delaying or lingering means that is correct judge Kelly how and wouldn't that affect the clearly established prong of qualified immunity no your honor first under several cases decided by this court including Ford versus City of Yakima you don't need closely analogous case law to establish that something is clearly established and here you can't have a broad generality that is true judge Kelly but what the California courts have said and this court observed Nunez by Nunez versus City of San Diego which we sat in our opening brief mere presence cannot be enough to constitute loitering and that's the point of law that the district court missed here it's it explicitly rejected what it called a 424 if you won on the is if we reverse the summary judgments then you would go to trial on what you've already been to trial right against deputy carpenter yes judge Callahan but it would be with a current correct instruction of law here with the jury instruction just get a redo on a trial that you already had is what you're saying with the correct legal instructions and also it isn't against the same party judge Callahan that the verdict with the county would remain for the county would remain and if you look to the facts aren't going to be any different because the county doesn't didn't really arrest mr. hearth deputy carpenter did right that is correct just count on though it's okay the facts wouldn't change and but the the instructions would and if you look on SCR 18 you'll see the district courts fixation with the wrong element of loitering it seems to suggest to the jury and the district court said and I quote I believe in and to some extent and you'll hear it from the lawyers that the loitering aspect will and I wouldn't say will could depend depending upon how you view the evidence on that disputed conversation and by the disputed conversation the courts referring to the phrase is just here or just hanging out that doesn't convey any sense of temporality with respect to loitering it only conveys that someone has an aimless purpose and I don't think my colleagues on the other side really contest that temporality is a component of loitering to see that someone is remaining or lingering or Dylan how long should you have to linger five minutes judge Kelly I think that the 15 minutes it's not something that's that can be set as a bright line rule I think it depends on context usually if it's just by observation alone it should be minutes if you look at people versus Trenton for example you see that the arresting officers look at the defendants in that case for a period of 9 to 11 minutes but it could also be seconds if you have some other basis for knowing that they've been delaying or lingering the district court cited a case called people versus Pulliam in which the officers observed the defendants for only a few seconds and they went up to the defendant and she said they suspected her of loitering for prosecution and she said I haven't made any money tonight which could of course convey to the officers that there had she's been there for some period of time that she had delayed or lingered here all deputy carpenter had was a fleeting few seconds of observation and mr. first statements of just here or just hanging out and he knew he was a drug dealer he knew that he was subject to the drug and or the injunction he knew a I'm not doing anything really I'm just hanging out here I'm loitering now what more do you want he could have said I'm loitering that would have made it easy just Kelly that goes to the second half of the offense which is are you there for a little elicit purpose and well I think you have to look at the totality of the circumstances don't you yes judge Kelly but if you leave it to just presence and purpose alone if if that is the formulation of loitering and if you then I don't think you would have been arrested for loitering you don't look like a gangbanger out in this area thank you judge Callahan I don't think you're known to the officer I hope the court doesn't think I'm delaying or lingering with this argument but what you what you have the danger of an officer being able to just make a subjective call as to whether that person is there if you don't have that objective component of time if you don't have the observation of delaying or lingering then you have the problem of what this court warned of and Nunez a case that any reasonable officer would have known of since it was from 1999 and recapitulates arguments or rather analyses from the California courts going back to the 70s Nunez warns that it's it's if you leave so much the officers discretion and don't have any objective components that could be right for abuse and it's and in that case the statute was for the best case you have it says you from the Ninth Circuit that says you have to have X number of minutes or temporal watching before you can approach a person for loitering and judge Kelly if you're looking for a case that says X number of minutes again there will be no case that sets a bright line rule but if what what is a reasonable officer to do what guidance would you give a reasonable police officer to help him in this situation a reasonable officer would have known from the case law and the guidance that will be given is that mere presence alone is not going to be enough and that you have to have some basis for knowing objectively that that person has been delaying or lingering that that information can okay okay do good morning may please the court Melinda can trial on behalf of the defendants the plaintiffs appeal is based entirely on his claim that the trial court should not have granted summary judgment in favor of deputy carpenter based upon qualified immunity and the second prong of the qualified immunity analysis regarding whether the law was clearly established that a reasonable officer could have believed there was probable cause for the rest however subsequently a full-blown trial took place to determine whether deputy carpenter actually had probable cause for the rest and the jury found that there was in fact probable cause for the arrest the plaintiff has not challenged that judgment on appeal because the jury has already specifically determined that deputy carpenter he's challenging it now by saying that the instructions were wrong because it didn't have the element of temporality your honor that's completely waived there's nothing in the opening brief challenge what about his position that that is not waived for purposes of this appeal it's the law of the case doctrine did not preclude Pringle from making any legal arguments regarding probable cause existed to arrest plaintiff first of all the MSJ order was on the second prong of the qualified immunity analysis regarding whether the law was clearly established such that a reasonable officer could have believed his conduct was reasonable the district court order order specifically limited the findings to that second prong the district court specifically stated it was not going to reach the issue of whether there was actually probable cause for the rest which is why he also then set a trial to determine that issue the district court said regardless of whether or not there was probable cause there the deputies are entitled to qualified immunity under the second prong so it's a different legal issue so it's let me just I don't want to make your argument for you but when mr. Kim was asked what cases out there that says how long an officer has to wait on the temporality he said well there isn't really anything out there so was that the basis for why it's not clearly established that it needs to be at least a minute or there's cases out there that say if you go at 30 seconds even though it's a gangbanger that you know and it's in that area and there's the injunction and all of their known to be a drug dealer and all of that sort of thing is that was that what the court was talking about that it wasn't clearly established yes substantively the court was clearly proper in its ruling finding that the law was not clearly established as conceded by plaintiffs counsel in the brief indicating that there's been no the law is not clearly established in this regard the plaintiff actually admitted any temporal requirement that's alleged to be in the statute by staying he was hanging around which a reasonable officer could believe that was lingering and also under Caswell your presence is sufficient when coupled with an officer's knowledge of specific defendants activity here deputy carpenter was familiar with the plaintiff he thought he knew he was subject to the gang injunction that he was a member that he was found by his car he asked what he was doing there it's undisputed the plaintiff said I'm just hanging out deputy carpenter knew of his past drug conditions and he saw the loose panel in the car which is indicative in his experience of drug activity so clearly the law well clearly the law was not clearly established that a reasonable officer could not have believed that there was probable cause to arrest plaintiff the standard is every reasonable officer in the shoes of deputy carpenter would have known that there was no probable cause and based on the lack of clay's case law he was entitled to qualified immunity and that ruling was substantively proper in addition even if this court were to find that the court somehow aired which defendants strongly dispute that does not remove the judgment in favor of that specifically the judgment at er to specifically states there was probable cause to arrest plaintiff the jury instruction given to the jury there is only one issue submitted to the jury and that was at SCR 11 specifically whether deputy carpenter had probable cause to arrest and they found that he did that judgment remains intact there's no objection to the jury instructions there's no attack on the jury right yes because of the injection loitering what you write with intent for drug activity yes so what was the definition of loitering that was given to the jury that they didn't object to but they're saying was wrong and that they therefore can the attack here the definition at SCR 11 the jury was specifically told that they were to determine whether deputy carpenter had probable cause to arrest plaintiff for loitering and they were instructed that loitering was delaying or lingering and they were to make that determination there is no limitations set on the trial in any way based on the judges prior ruling as to whether as to the second prong of qualified immunity element of temporality in the jury instruction to with delaying or lingering that's what the at SCR 11 that's what the jury was specifically instructed and the it would you like me to read it or it's kind of long but deputy carpenter claims to relied on penal code section 166 for a for in his determination that there was probable cause to arrest plaintiff her on May 31st 2008 this statute makes it a crime to violate a court order such as an anti-gang injunction the anti-gang injunction discussed in this case prohibits loitering delaying or lingering and any public place or in any public view or any place accessible to the public for the purpose of engaging in graffiti drug-related activity or other illegal purpose and then it goes on to say essentially you must determine if deputy whether plaintiff showed deputy current burner did not have probable cause to believe that hearth was loitering for the purpose of engaging in drug-related activity and then it also goes on section I take it your position and I don't want to give you the argument but your position is regardless whether loitering was properly defined the jury could have he was delaying or lingering and therefore under the instruction found that he was guilty of the crime yes and that the instruction was that challenged it's waived trial counsel no okay did you attend the trial no I'll say do you know what the hearth argued at the trial I reviewed the transcripts I know that he specifically said to the judge and I cited in the brief that the plaintiff's position was that the main issue to be tried was whether the plaintiff said he was just hanging out or whether he had the intent or no just so in summary judgment and according to the defendants the plaintiff said he was just hanging out at the excessive force trial and in later proceedings plaintiff I was here to see a friend about a jet ski and so the plaintiff's attorney said in my point of view the main issue is the jury's determination as to what the plaintiff said with regard when asked what he was doing in the area of the gang injunction so that was the argument made the jury found so it wasn't really how long he was there it what was his purpose in being there that was one well that was one of the arguments that the plaintiff's counsel was making but I wanted to to stress for the court that in United States versus Bainbridge 746 f3943 the court specifically stated that the law of the case doctrine does is applies differently when it's the courts only own ruling because it has discretion to modify its own decisions so if a plaintiff claims on appeal that he was somehow prejudiced by an earlier ruling in the trial court he has to raise that before the trial court and ask the trial court to reconsider its ruling otherwise that issue is waived here there's been no the plaintiff has cited to know anything in the record showing that he ever requested additional findings as to whether there as to whether the the instructions were proper and he did not challenge a lot of appeal so any sort of argument that he was somehow prejudiced by the prior summer judgment ruling is unequivocally waived the judgments not in the opening brief attacked in any way based on any legal error or instructional error and it's a separate legal issue the the court specifically said I'm not ruling on probable cause so there's no way that the earlier ruling as to the second prong of the qualified immunity analysis somehow prejudice plaintiff in the actual trial of what as to whether their actual was probable cause to arrest plaintiff so it's that's my understanding of his argument and this argument a little differently well there you can't appeal you cannot appeal this is not a case where a summary judgment was denied I think on a legal issue inclusive on the summary judgment and they didn't have to object to temporal that because there was an error in the jury how the jury was instructed that's so it therefore is not preclusive on the summary judgment your honor this is not the cases he's citing are when summary with them I'm just trying to I am not doing one or the other I'm just trying to understand his argument I believe I'm hearing you frame it a little bit differently than I heard him frame I believe his argument is that an earlier the cases he's relying on is when summary judgment is denied on a legal issue the plaintiff can later appeal it this is not the case we have two separate legal issues even if you want on the first one his fourth amendment claim is entirely barred by the second one there are two different the two prongs there are two different issues the first ruling was not whether there was probable cause to arrest plaintiff the first ruling was whether the law was clearly established such that a reasonable officer could have believed there was probable cause to arrest plaintiff that ruling the judge specifically stated I'm not deciding whether their fact was probable cause I object and fail to raise on appeal and challenge the jury's finding that there was in fact probable cause to arrest plaintiff his whole argument is is waived because even if he won on the summary judgment that's not going to erase the trial that's sitting there which specifically states in the judgment that there was probable cause to arrest the plaintiff and the jury only determined whether deputy Carpenter had probable cause to arrest plaintiff I wanted to stress for the panel that summary judgment can be affirmed on any ground set forth in the record and I cited a case Calteague versus Mayo and it's a similar situation where the Seventh Circuit was considering an inmates 1983 claim and the plaintiff argued summary judgment should not have been granted in favor of the individual individual defendants on his claim for failure to provide adequate medical care following attack by officers and however a jury subsequently determined that the officers did not use excessive force and that the attack did not take place on appeal the Seventh Circuit stated intuitively it knew the verdict Trump the plaintiff's claims but stated just what principle of law applies here is an interesting question however the Seventh Circuit held that because its review of summary judgment was de novo and subsequent to the jury verdict and because it could appear up here affirm on any ground of appearing in the record the verdict the second jury verdict trumped the claims and the judgment favor of the defendants had to be affirmed in reaching its decision the Seventh Circuit relied upon the Supreme Court's decision in Arizona versus California where the Supreme Court stated that parties must be precluded from contesting matters that they had a full and fair opportunity to litigate a fundamental precept of common law adjudication is that an issue once determined by a competent court is conclusive the plaintiff is not allowed to relitigate that the plaintiff here had a full and fair opportunity to litigate whether there was in fact probable cause to arrest plaintiff the instructions without objection were submitted to the jury the jury clearly made a specific finding as reflected in the judgment at er to the deputy carpenter had probable cause to arrest plaintiff and the plaintiff cannot now argue that and has not even argued in his brief that that judgment is subject to be overturned his claims are barred again even if I submit there's clearly no air in the summary judgment ruling because I think it's almost conceded that the law was not clear established on the substantive grounds second his weight his failure to appeal the judgment or show any air or a prejudice from that subsequent trial based on the earlier judgment ruling has waived all of his claims thank you thank you three points your honors first with respect to preservation judge Callahan your articulation of our argument is exactly right the verdict does not have preclusive effect on this court's review of the district court's grant of summary judgment you can look at it from three different ways if you look at it from the law of the case doctrine as the appellees recently argued in their 28 J letter HK system so long as we're trading seven circuit cases HK system says the law of the case doctrine doesn't prevent an appellate court from correcting a trial court's errors of law notwithstanding a jury verdict Teague dealt with a factual dispute and said basically held a jury determination overrides a factual dispute if you look at this as a question of issue preclusion Bravo Fernandez which we cite in our reply brief says that preclusive effect only takes place when you have the confidence of an appeal and this was the first opportunity that we had to appeal and therefore there was no we did your honor but there was no need to challenge the verdict here judge Baya your point that's your argument well if you look at even if you look at the appellees line of cases if you look at Lum and if you look at low curcio there's an exception to those cases in van Willis when you're the error of law is one of what is the error of law you're talking about maybe I'm just the courts articulation of loitering because if you cite don't you to blacks law dictionary yes your honor and what is the temporal element in that definition it's just there is none that is correct so it's remaining in place for no apparent reason and I just don't understand where you're coming from on the fact that it's so well settled that a reasonable officer would know that somebody who's remaining in place and has no apparent reason says you just hanging out how that even gets you to first base on this case frankly judge Kelly the clearly established case law isn't as you point out from cases discussing minutes and it's certain it may not come from the plain meaning it so come from it comes from decades of California case law in which the courts have said mere presence is not going to be enough we have a definition of lawyering that you have given us yes your honor and it doesn't have a temporal element in it but if you look at loitering as it was treated under the California case law and under this courts evaluation of that case on Nunez you see that mere presence isn't going to be enough and that itself we have to show that you're hanging out to do bad stuff right and so he just said he was hanging out and that would have been his defense not that I was hanging out three seconds seven seconds or whatever he's saying it was hanging out for just hanging out which isn't a violation of the law just count and I see my time is running let me answer your question yes if you look at this court in Nunez this court's decision in Nunez the Nunez decision actually dealt with a loitering ordinance which the district court tried to interpret as loitering equals hanging out and the court there found that construction problematic because all that hanging out really conveys is that you're there without a purpose doesn't convey any sense of temporality doesn't convey any sense of time it simply conveys that you're just there and you're aimless and that's that's what the court observed and it that's not this what this jury was instructed you could hang it out wasn't a wasn't a violation but just can't have the fight the the error of law here was that the district court essentially told the jury all you need to focus on is the purpose is the the the lack of purpose and use that as a justification for at all and in fact if you look at SCR 424 that there's a court says I'm going to reject your temporal fix okay we I think we understand your argument I want to thank both of you for your argument I like to particularly acknowledge that we appreciate pro bono counsel it's important to the court's function it's not that we favor one over the other but when people obviously give their time we that's an important aspect so that these cases can be argued and articulated before the court so thank you both for your helpful argument and your efforts and this matter will stand submitted
judges: Kelly, Callahan, Bea